IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHAWN KEITH HOTT, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:18-CV-747-O |
| § | (NO. 4:16-CR-069-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Shawn Keith Hott, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:16-CR-069-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 4, 2016, movant was named in a one-count information charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 22. Movant and his attorney signed a factual resume setting forth the maximum penalty movant faced, the elements of the offense charged, and the stipulated facts establishing that movant had committed the offense. CR Doc. 24. They also signed a waiver of indictment. CR Doc. 25. Movant pleaded guilty to the information. CR Doc. 31. At arraignment, movant testified under oath that he understood his rights as explained by the court, that he should never depend or rely upon any

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-069-O.

statement or promise by anyone, including the government and his attorney, as to what penalty would be assessed against him, and that his plea must not be prompted by any promises, pressures, threats, force, or coercion of any kind. Further, he testified that he understood the charge against him, that he had discussed with counsel how the guidelines might apply to his case, and that no threats or promises had been made to induce him to plead guilty or to waive indictment. Movant testified that he was satisfied with his attorney and that the stipulated facts in the factual resume were true, except that his prior conviction involved possession and not intent to distribute.[2] CR Doc. 56. The court found that the plea was knowing and voluntary. *Id.*

      The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 22. CR Doc. 32, ¶ 51. He received a four-level increase because the offense involved 22 firearms, *id.* ¶ 52, and a four-level increase because movant used or possessed a firearm in connection with another felony offense. *Id.* ¶ 53. Based on a total offense level of 30 and a criminal history category of IV, movant's guideline imprisonment range was 135 to 168 months; however, the statutorily authorized maximum sentence was 10 years, so the guideline imprisonment range became 120 months. *Id.* ¶ 116. Movant filed objections, CR Doc. 34, and the probation officer prepared an addendum to the PSR. CR Doc. 36. Movant again objected. CR Doc. 38.

      Movant was sentenced to a term of imprisonment of 120 months. CR Doc. 48. He appealed, CR Doc. 50, and his sentence was affirmed. *United States v. Hott*, 866 F.3d 618 (5th Cir. 2017). His petition for writ of certiorari was denied. *Hott v. United States*, 138 S. Ct. 436 (2017).

---

[2] Movant admitted that his prior offense was a felony.

## II. GROUNDS OF THE MOTION

Movant asserts five grounds in support of his motion, worded as follows:

Ground One: Violation of 18 U.S.C. 3553(a), Sentence greater than necessary.

Ground Two: 6th Amendment ineffective assistance of counsel.

Ground Three: Violation of due process of law by denying acceptance of responsibility.

Ground Four: Violation of due process of law.

Ground Five: Violation of due process and equal protection of the law.

Doc.[3] 1 at 7-8.

## II. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## III. ANALYSIS

Movant raised grounds one, three, four, and five on direct appeal and cannot raise them here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Moore*, 598 F.2d at 441. And, in any event, he cannot now raise alleged misapplication of the sentencing guidelines. *United States v. Williamson*,183 F.3d 458, 462 (5th Cir. 1999).

In support of his second ground, ineffective assistance of counsel, movant says that his attorney was not present for the presentence interview and that he was prejudiced as a result. Doc. 1 at 7. In the pages attached to the motion, he greatly expands upon the alleged deficiencies. *Id.* at PageID[4] 12-19. He summarizes them as follows:

> 1. Counsel failed to get my plea agreement in writing.
> 2. Counsel failed to identify a 4 point "mistake" increasing my base offense score from 18 to 22.
> 3. Counsel failed to mitigate a second 4 point increase, "that the firearms were used in the commission of a second felony offense", for which I was never charged, indicted, nor convicted.
> 4. Counsel failed to get me 3 points for acceptance of responsibility that the Federal prosecutor Frank Gatto verbally promised.
> 5. Counsel failed to attend the PSR interview.
> 6. Counsel failed to negotiate the return of my property which was taken by the ATF, but not seized by the ATF.
> 7. Counsel failed to file the documents to have my bond money returned upon the disposition of this case.
> 8. Counsel failed to have the $2,500 fee returned that I paid for the privilege of having a court appointed attorney.
> 9. Counsel failed to return my "Prada" wallet ($500.00 in value) containing $600.00 US dollars.

*Id.* at PageID 18-19.

---

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages of the motion are not consecutively numbered.

To the extent movant contends that he was promised that he would receive a three-level reduction for acceptance of responsibility[5] or a particular sentence, those allegations are belied by his testimony in open court that no one had promised him anything and that he understood he should not rely on any representation regarding any penalty to be assessed. CR Doc. 56. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). To obtain habeas relief on the basis of alleged promises, movant must show the exact terms of the promise, exactly when and where and by whom the promise was made, and the precise identity of an eyewitness to the promise. To be entitled to a hearing on the claim, he must produce independent indicia of the likely merit of his allegations, typically in the form of affidavits from reliable third parties. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). This he has not done.

Movant does not elaborate on his conclusory allegation that counsel failed to note that his base offense level should have been 18 and not 22. Doc. 1 at PageID 16 & 18 (referring to "a 4 point 'mistake'"). The government understands the contention to be that movant's underlying conviction no longer qualifies as a controlled substance offense under 2K2.1. Doc. 7 at 14. That the law changed does not mean that movant received ineffective assistance. Counsel is not required to be clairvoyant. *United States v. Fields*, 565 F.3d 290, 294–95 (5th Cir. 2009). In any event, the issue was raised on appeal and rejected since the court had said it would have imposed the same sentence even had the guideline calculation been erroneous. *Hott*, 866 F.3d at 621.

---

[5] Movant apparently contends that the three-level reduction was part of a plea agreement with the government. His description, however, makes clear that movant really has no idea what deal, if any, was made. Doc. 1 at PageID 17. The court notes that a federal prisoner does not have a right to a plea agreement, *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), so there can be no complaint that an agreement was not reached. Whether to accept a plea agreement is within the court's discretion.

Movant also complains that his counsel failed to object to the four-level increase for possessing a firearm in connection with another felony offense since he was never charged with a second felony offense. Doc. 1 at PageID 16 & 19. Movant is mistaken. An objection was made, CR Docs. 34, and overruled. CR Doc. 59 at 2 (citing to the explanation in the addendum to the PSR, CR Doc. 36). The issue was raised on appeal and rejected. *Hott*, 866 F.3d at 620. It cannot be pursued here.

Although not listed as an issue, movant says that his attorney should have called his roommate to testify at sentencing. Doc. 1 at PageID 17. The testimony—to the effect that the roommate owned the guns found at movant's residence—would only have demonstrated that movant did not take responsibility for his actions. The decision not to call the roommate was a strategic one for which counsel cannot be faulted. Movant has not shown that he was harmed in any event.

The next complaint on the list is that movant's counsel failed to attend the presentence interview. Doc. 1 at PageID 19. A defendant has no right to counsel at a presentence interview. *United States v. Bounds*, 985 F.2d 188, 194 (5th Cir. 1993), *abrogated on other grounds*, *Edwards v. United States*, 523 U.S. 511 (1998). Movant cannot have been deprived of effective assistance where he was not entitled to assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982). Further, given that movant contends his roommate should have testified about ownership of the guns, there is no reason to believe that counsel's presence at the presentence investigation would have made any difference in the outcome. Movant simply does not accept responsibility for his conduct.

The remaining items on the list, numbers 6–9, do not allege matters cognizable under § 2255, which is limited to claims relating to unlawful custody. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). And, any additional allegations mentioned but not listed are too conclusory to be considered. *Miller*, 200 F.3d at 282.

## IV.  CONCLUSION

For the reasons discussed herein, movant's motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 17th day of December, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**